FILED
United States Court of Appeals
Tenth Circuit

April 27, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ARMOND DAVIS ROSS,

      Plaintiff-Appellant,

v.

WARDEN MIKE ADDISON, SGT.
BUSH, DENNIS ROSE, GEORGE
WILLIAMS, SAM PRESTON, MIKE
McMILLEN,

      Defendants-Appellees.

No. 15-6159
(D.C. No. 5:13-CV-00323-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

Mr. Armond Davis Ross, an Oklahoma inmate, sued six correctional

officers and administrators under 42 U.S.C. § 1983. The defendants filed a

motion for dismissal or, alternatively, for summary judgment; and the

---

[*] The parties have not requested oral argument, and we do not believe
it would be helpful. As a result, we are deciding the appeal based on the
briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

magistrate judge recommended dismissal of the claims against three defendants (Addison, Preston, and Rose) and denial of summary judgment for the three other defendants (Williams, Bush, and McMillen).

Mr. Ross did not object to the proposed dismissal of the claims against defendants Addison, Preston, and Rose, and the district court dismissed the claims against these defendants. Defendants Williams, Bush, and McMillen objected to the denial of their motion for summary judgment. The district judge sustained this objection and granted the defendants' motion for summary judgment. After unsuccessfully seeking post-judgment relief, Mr. Ross appealed the grants of the motions for dismissal and summary judgment. We affirm.

## I. Mr. Ross waived any appeal point regarding dismissal of defendants Addison, Preston, and Rose.

Mr. Ross did not object to the report and recommendation. In the absence of an objection, the district judge adopted the report and recommendation, leading to dismissal of the claims against defendants Addison, Preston, and Rose. Mr. Ross appeals, but he waived his right to appellate review by failing to object to the magistrate judge's report and recommendation.

Generally, a party waives the right to appeal by failing to object to a magistrate judge's report and recommendation. *See Moore v. United States*,

2

950 F.2d 656, 659 (10th Cir. 1991) ("[F]ailure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). An exception may be appropriate in rare cases where "the interests of justice so dictate." *Id*. at 659. In applying this exception, we consider whether

- the party who failed to object bears some responsibility for the impediment,

- the conduct of the party who failed to object supports a plausible excuse or explanation for the failure to timely object, and

- the issues raised on appeal involve special or considerable importance.

*Wirsching v. Colorado*, 360 F.3d 1191, 1196-97 (10th Cir. 2004).

Mr. Ross argues that he did his best, he was disabled, and the State impeded his access to the courts and the prison law library.[1] These circumstances do not satisfy the exception because (1) Mr. Ross's alleged impediments were not sufficiently onerous to preclude the filing of objections and (2) Mr. Ross is unlikely to prevail on the merits of his appellate arguments. For both reasons, we conclude that the interests of

---

[1]    Mr. Ross also contends that the court is mistaken and that he did object to the magistrate judge's report and recommendation. For this contention, Mr. Ross refers to an objection filed in September 2014. But that objection addressed an earlier report and recommendation involving unrelated matters.

justice do not warrant an exception in this case. Mr. Ross waived his right to appeal; as a result, we affirm the dismissal of the claims against defendants Addison, Preston, and Rose.

## II. Summary judgment was correctly granted to defendants Williams, Bush, and McMillen.

Mr. Ross claims that defendants Williams, Bush, and McMillen violated the Eighth Amendment by failing to provide adequate protection from a cellmate. According to Mr. Ross, he told the three officers that he needed to be moved to another cell because he was being stalked and beaten by his cellmate. Defendant Bush allegedly told the cellmate that he would be moved, prompting the cellmate to blame Mr. Ross for the move. But defendant Bush then said that there had been a change of plans concerning the cellmate's move. Mr. Ross and his cellmate consulted separately with defendant McMillen, and officials postponed the move for a few days. During the postponement, the cellmate battered Mr. Ross.

Defendants Williams, Bush, and McMillen moved for summary judgment based on qualified immunity, arguing in part that Mr. Ross had agreed to postpone the cellmate's move. In support, defendant McMillen stated under oath that he had spoken separately to Mr. Ross and the cellmate and that both men had agreed to wait until the following Monday, when unit staff would be available to determine whether a cell

4

reassignment would be appropriate. Mr. Ross did not dispute this sworn account or present any contrary evidence.

For the summary judgment ruling, we engage in de novo review, applying the same test applicable in district court. *Doe v. Bagan*, 41 F.3d 571, 573 (10th Cir. 1994). The district court was to grant summary judgment if there was "no genuine dispute as to any material fact and the [movants were] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Applying this test, the district court had to view the evidence favorably to Mr. Ross (as the non-movant) and determine whether a reasonable jury could find in his favor. *Macon v. United Parcel Services, Inc.*, 220 F. 3d 708, 712 (10th Cir. 2014).

We apply this standard against the backdrop of an issue involving qualified immunity. The defendants enjoy qualified immunity if their conduct did "not violate clearly established rights of which a reasonable government official would have known." *Hulen v. Yates*, 322 F.3d 1229, 1236 (10th Cir. 2003). Mr. Ross bears the burden to demonstrate that (1) the defendants' conduct violated a constitutional or statutory right and (2) the constitutional or statutory right was clearly established at the time of the violation. *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010).

To create a triable issue of fact under the Eighth Amendment, Mr. Ross had to present evidence of "deliberate indifference to a substantial risk of serious harm." *Farmer v. Brennan*, 211 U.S. 825, 828 (1994). The defendants were deliberately indifferent only if they were consciously aware of the risk when failing to act. *Id*. at 847.

We agree with the district court's application of this test. The ultimate issue was whether Mr. Ross had agreed to postpone the move. The defendants presented sworn testimony that Mr. Ross had agreed to the postponement, and Mr. Ross did not present any contrary evidence. As a result, no reasonable fact-finder could conclude that prison officials consciously disregarded a substantial risk of harm to Mr. Ross. If he felt sufficiently safe to postpone the move, prison officials could not have been consciously aware of a substantial risk. As a result, the district court correctly granted summary judgment to defendants Williams, Bush, and McMillen based on qualified immunity.

## III. Disposition

We affirm.

## IV. Status to Proceed in Forma Pauperis

Mr. Ross seeks leave to proceed in forma pauperis. This request is granted. But Mr. Ross must make monthly installments toward the filing

6

fee, as required by the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b)(1) (2012).

Entered for the Court


Robert E. Bacharach
Circuit Judge