FILED
United States Court of Appeals
Tenth Circuit

August 15, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ARMOND DAVIS ROSS,

      Plaintiff - Appellant,

v.

SGT. BUSH; GEORGE WILLIAMS;
MIKE McMILLEN,

      Defendants - Appellees.

No. 17-6084
(D.C. No. 5:13-CV-00323-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Armond Davis Ross, a state prisoner proceeding pro se,[1] appeals from the

district court's denial of his "motion to revisit" his civil rights case against prison

officials. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Ross appears pro se, we afford his filings a liberal construction, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not craft arguments or otherwise advocate for him, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

# I.   BACKGROUND

In April 2013, Mr. Ross brought a claim under 42 U.S.C. § 1983 against prison officials for alleged violations of his Eighth Amendment rights.  He alleged the officials were deliberately indifferent to his health and safety by failing to protect him from his cellmate.  According to Mr. Ross, he notified various prison officials that he was being stalked and beaten by his cellmate.  The officials postponed moving his cellmate for a few days, during which time the cellmate battered Mr. Ross.

The United States District Court for the Western District of Oklahoma dismissed several defendants for a failure to state a claim.  It granted summary judgment in favor of the remaining defendants—Sgt. Bush, Mike McMillen, and George Williams—based on qualified immunity.  Mr. Ross filed a motion to reconsider under Federal Rule of Civil Procedure 60(b), which the district court denied.

Mr. Ross appealed that denial, and we affirmed.  *See Ross v. Addison*, 645 F. App'x 818 (10th Cir. 2016) (unpublished).  We held Mr. Ross had waived his right to appeal the dismissal of his claims as to certain defendants, who are no longer parties in this case. *Id.* at 819-20.  We also affirmed the grant of summary judgment based on qualified immunity for Mr. Bush, Mr. McMillen, and Mr. Williams. *Id.* at 821.  In our view, "[t]he ultimate issue was whether Mr. Ross had agreed to postpone the move" after notifying officials of the threat his cellmate posed to his safety. *Id.*  The officials had presented sworn testimony that Mr. Ross had agreed to the

2

postponement, and Mr. Ross did not present contrary evidence. *Id.* As such, "no reasonable fact-finder could conclude that prison officials consciously disregarded a substantial risk of harm to Mr. Ross," to support an Eighth Amendment claim. *Id.* We thus affirmed the grant of summary judgment based on qualified immunity. *Id.*

After our decision and mandate issued, we decided an unrelated case involving a state prisoner's § 1983 claims based on alleged Eighth Amendment violations. *See Savage v. Fallin*, 663 F. App'x 588, 589-90 (10th Cir. 2016) (unpublished). In *Savage*, we held two defendants had been prematurely dismissed for claims that they were deliberately indifferent to an unreasonable risk that the plaintiff would be physically assaulted by fellow inmates due to understaffing at the prison. *Id.* at 592-94.

After we issued *Savage*, Mr. Ross filed a "Motion to Revisit Case Based on New 10th Circuit Rulling [sic]" in district court. Record on Appeal ("ROA") at 147. He argued the *Savage* defendants acted "under the same circumstances" as the defendants here. *Id.* at 148.

The district court construed Mr. Ross's motion as a motion to reconsider the grant of summary judgment under Rule 60(b)(6) and denied the motion because Rule 60(b) does not provide for relief under these circumstances. The court also denied Mr. Ross's request to proceed *in forma pauperis* ("*ifp*") because the appeal involved "frivolous" issues and was thus not taken in good faith. *Id.* at 156.

Mr. Ross appeals the denial of his motion and seeks leave to proceed *ifp*.

3

## II. DISCUSSION

### 1. Standard of Review

We review the denial of a Rule 60(b) motion for abuse of discretion. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005). "Given the lower court's discretion, the district court's ruling is only reviewed to determine if a definite, clear or unmistakable error occurred below." *Id.* (quotations omitted). "A reviewing court may reverse only if it finds a complete absence of a reasonable basis and is certain the decision is wrong." *Id.* (alterations and quotations omitted). But "a district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (alterations and quotations omitted).

### 2. Legal Standards

Under Rule 60(b), a party may move for relief "from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

4

Fed. R. Civ. P. 60(b).

The district court considered Mr. Ross's motion under Rule 60(b)(6)—allowing for "any other reason that justifies relief." ROA at 152. "Rule 60(b)(6) has been described by this court as a grand reservoir of equitable power to do justice in a particular case." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991) (quotations omitted). It should be reserved for "extraordinary circumstances." *Id.*

3. **Analysis**

We agree with the district court's characterization of Mr. Ross's "motion to revisit" as a Rule 60(b)(6) motion. It was filed over a year from the entry of judgment and thus could not be based on Rules 60(b)(1)-(3). *See* Fed. R. Civ. P. 60(c)(1) (providing motions under Rules 60(b)(1)-(3) must be made "no more than a year after entry of judgment"). We also agree with the district court that even "liberally construing [Mr. Ross's] motion does not support relief under Rule 60(b)(4) or 60(b)(5)," ROA at 152, because the intervening *Savage* case does not suggest the original judgment was "void" under (b)(4) or that the circumstances here meet the grounds listed under (b)(5).

Mr. Ross also cannot prevail under Rule 60(b)(6). Apart from the fact our decision in *Savage* was unpublished and non-precedential, Mr. Ross has not shown our decision is the type of "extraordinary circumstance" warranting relief under Rule 60(b)(6). We have explained that extraordinary circumstances may include "a post-judgment change in law arising out of the same accident as that in which the

5

plaintiffs were injured." *Van Skiver*, 952 F.2d at 1245 (alterations and quotations omitted). But "when the post-judgment change in the law did not arise in a related case, we have held that a change in the law or in the judicial view of an established rule of law does not justify relief under Rule 60(b)(6)." *Id.* (alterations and quotations omitted).

Although *Savage* also involved a prisoner asserting § 1983 Eighth Amendment claims against prison officials, it did not involve the "same" conduct as in Mr. Ross's case and thus does not qualify as an "extraordinary circumstance" warranting relief. *Savage* involved claims against prison officials for prisoner-on-prisoner violence resulting from understaffing, whereas Mr. Ross's complaint involves claims against prison officials resulting from their alleged failures to timely remove his cellmate. The legal basis of the claims may be the same, but they do not arise out of the "same accident as that in which the plaintiffs were injured." *Van Skiver*, 952 F.2d at 1245 (alterations and quotations omitted).

The district court thus did not abuse its discretion in denying Mr. Ross's "motion to revisit" based on our decision in *Savage*.[2]

---

[2] Mr. Ross raises other arguments on appeal unrelated to *Savage*, including that the district court "trivialize[d] [his] brief and disabilities" and "dismiss[ed] [his] case prematurely," and that the magistrate judge "has a personal relationship with the defendant's attorney, who works for the prison system." Aplt. Br. at 2, 4. We decline to consider these arguments because they were not raised in Mr. Ross's "motion to revisit" in district court and because they lack record support. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

### III.    **CONCLUSION**

We affirm the district court's denial of Mr. Ross's "motion to revisit."  We also deny Mr. Ross's request to proceed *ifp* because we conclude, as did the district court, that his appeal raises only frivolous arguments and thus is not taken in good faith.  *See Clark v. Oklahoma*, 468 F.3d 711, 714-15 (10th Cir. 2006) (denying *ifp* request and agreeing with district court that the appeal was not taken in good faith).

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge